UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-7 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| MARCUS D. JARNIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on April 7, 2008 for a motion hearing. Assistant United States Attorney David Lewen ("AUSA Lewen") appeared on behalf of the government. Attorney Michael McGovern ("Attorney McGovern") was present on behalf of Defendant Marcus D. Jarnigan, who was also present.

At the hearing, Attorney McGovern made an oral motion to continue the motion hearing date. In support of the motion, Attorney McGovern stated a crucial witness concerning Defendant's pending suppression motion [Doc. 15] was discovered the morning of the April 7 hearing. Attorney McGovern advised the Court he was unable to interview this witness prior to the motion hearing set for the afternoon and thus, requested a continuance of the motion hearing in order to allow time to adequately prepare for the hearing. Attorney McGovern recognized by requesting for a continuance of the motion hearing, a continuance of the trial day was necessary; accordingly, Attorney McGovern made an oral motion to continue the trial date. AUSA Lewen objected to continuing the

motion hearing. He argued the government was ready to proceed, ensured the two necessary witnesses were present and ready to testify, and that a vague assertion by defense counsel of a recently discovered crucial witness should not support a continuance of the motion hearing. The government, however, did not object to the continuance of the trial date.

The Court finds Defendant's oral motion to continue the motion hearing date well-taken. Although the motion to continue is last-minute and resulted in many people being inconvenienced, the Court finds the Defendant should have to opportunity to fully investigate his case and present any witnesses that may bolster his defense. Accordingly, the Court **GRANTS** Defendant's oral motion to continue the motion hearing and **RESETS** the motion hearing for **April 16, 2008 at 9:00 a.m.**

Attorney McGovern then stated that the need for disposition of the several pending pretrial motions, including Defendant's Motion to Suppress Evidence, necessitates a continuance of the trial date. Attorney McGovern expressed that obtaining a ruling on the suppression issues is in Defendant's best interest and confirmed that he has discussed this matter with Defendant Jarnigan. The Defendant stated that he understood his right to a speedy trial, has no objection to a continuance, and believes it is in his best interest to obtain rulings on his pretrial motions, especially his suppression motion, prior to trial. Defendant Jarnigan stated that understood that he will remain in jail pending his new trial date.

Attorney McGovern, on behalf of Defendant Jarnigan, stated that he believes all the time between the date the motion to continue was made, April 7, 2008, and the new date of the trial is excludable from the operation of the Speedy Trial Act. Defense counsel agreed that the need to

2

resolve these important issues of evidence suppression outweigh the interest of Defendant and the public in a speedy trial.

The government agreed that a continuance of the trial was necessary. AUSA Lewen agreed that the time between the date the motion to continue was made and the new date of the trial is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of Defendant and the public in a speedy trial.

Given the approaching April 16, 2008 trial date, the Court finds that the failure to grant a continuance would deprive Defendant of the time to pursue his pretrial motions, including his suppression motion, which have yet to be heard by the Court. See 18 U.S.C. § 3161(h)(1)(F). This Court will hold a motion hearing in this matter on April 16, 2008 at 9:00 a.m. The Court will then need time, not to exceed thirty days, to rule on the non-dispositive motions and to prepare a Report and Recommendation to the District Court on the suppression issue. See 18 U.S.C. § 3161(h)(1)(J). After such ruling, either party will have 10 days to register an objection with the District Court. Should objections be made, the District Court will require a meaningful period of time to review the record and the issues presented. Finally, the parties will need time to prepare for trial in light of this Court's rulings. The Court finds that all of this could not be accomplished before the trial date of April 16, 2008, or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). Requiring this Defendant to go to trial as originally scheduled would likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(I). Thus, the Court has reset the trial to **July 15, 2008.**

Accordingly, the Court **GRANTS** Defendant's oral motion for a continuance. The Court further finds that the time between the date of motion hearing, April 7, 2008, and the new trial date, July 15, 2008, is properly excludable from the operation of the Speedy Trial Act and that the need for resolution of the suppression issues outweighs the interests of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(1)(F), -(J),-(8)(A)-(B).

Accordingly, it is **ORDERED**:

> (1) Defendant Jarnigan's oral motion to continue the motion hearing and trial date is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **July 15, 2008**, **at 9:00 a.m.**, before the Honorable Thomas Varlan, United States District Judge;
>
> (3) All the time between the **April 7, 2008** motion hearing and the new trial date of **July 15, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) A Motion Hearing will be held on Defendant Jarnigan's pretrial motions on **April 16, 2008 at 9:00 a.m.** before the Honorable C. Clifford Shirley, United States Magistrate Judge.

**IT IS SO ORDERED**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge