UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:08-CR-7 |
| | ) | |
| V. | ) | (Varlan / Shirley) |
| | ) | |
| MARCUS D. JARNIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon the government's Request to Re-Open Suppression Hearing [Doc. 23], filed on April 16, 2008. Defendant Jarnigan has responded in opposition [Doc. 28].

The decision on whether to reopen a suppression hearing is within the discretion of the trial court. United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004), *judgment vacated on unrelated grounds*, 543 U.S. 1111 (2005) (citing United States v. Lawrence, 308 F.3d 623, 627 (6th Cir. 2002)) (comparing reopening suppression hearings to reopenings generally: "A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally."). "In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of granting the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence ..." United States v. Blankenship, 775 F.2d 735, 740-41 (6th Cir. 1985). The Sixth Circuit has further stated the "most important consideration is whether the opposing party is prejudiced by the reopening." Id. "One

of the critical factors in evaluating prejudice is the timing of the motion to reopen." Id.

In the present case, the government seeks to reopen the evidentiary hearing on a suppression motion, prior to the Court ruling on Defendant's suppression motion, for the "limited purpose of allowing two additional KPD officers to testify on the issue of the 911 complaint identifying the vandalism suspect." [Doc. 23 at 1]. The government contends that although the record is sufficient for the Court to find adequate grounds to deny Defendant's motion to suppress, it nevertheless requests the opportunity to present and submit for cross-examination the testimony of Officers Stevens and Crothers, who were present when the additional 911 complainant physically identified Defendant across the street. For grounds, the government argues it did not know that Ronnie Davis was going to come into court and testify that he never identified the vandalism suspect to the police. The government also contends it did not find it necessary to present testimony from three KPD officers when Officer Lockmiller was able to testify to the collective knowledge of the three officers, that the 911 complainants identified the vandalism suspect across the street.

The Court takes this opportunity to remind defense counsel that the original suppression hearing in this case was scheduled for April 7, 2008, at which time the Court granted Defendant's last minute request for a continuance so that he could interview a recently identified witness, Ronnie Davis. Mr. Davis was later called by the defense to testify at the rescheduled suppression hearing held on April 16, 2008. The Court also takes this opportunity to advise the government that the Court needs a full and developed record to make an informed recommendation to the District Court and that the Court expects both sides to put on a full and complete case at all evidentiary hearings and suppression motions.

Nevertheless, the Court finds, in evaluating the government's motion in light of the Blankenship factors, that the government has made a reasonable explanation for the failure to present this evidence. The Court further finds there is little or no prejudice to Defendant in allowing the hearing to be reopened under these circumstances. First, the Court finds the government's motion is timely. The government filed their request at 8:09 p.m. on April 16, 2008, the same day as the hearing and less than twelve hours after the suppression hearing concluded. Moreover, Defendant's trial is set for July 15, 2008 and thus, a timely re-opening should not necessitate a continuance of the trial date. However, if the Court were to decline to reopen the hearing at this time, and if the District Court should disagree and order a reopening, the delay involved would likely result in the need for the trial to be continued. Furthermore, defense counsel will have the opportunity to cross-examine Officers Stevens and Crothers in the subsequent suppression hearing and challenge their testimony and memory of the events in question as well as their credibility. The Court further finds the character of the testimony proffered is "relevant, admissible, technically adequate, and helpful" to this Court to make an informed recommendation to the District Court on the suppression issue. Blankenship, 775 F.2d 735, 741.

Accordingly, the Court finds that the government's Request to Re-Open Suppression Hearing **[Doc. 23]** is well-taken and is **GRANTED**. The government is directed to coordinate with defense counsel and the two KPD officers who will be testifying for proposed dates and times for the suppression hearing, and within five days of this Order, contact Chambers to schedule the hearing.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge