UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:08-CR-7 |
| V. | ) | (Varlan / Shirley) |
| | ) | |
| | ) | |
| MARCUS D. JARNIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court for a Motion Hearing on April 16, 2008.[1] Assistant United States Attorney David Lewen ("AUSA Lewen") appeared on behalf of the government. Attorney Michael McGovern ("Attorney McGovern") appeared on behalf of Defendant Jarnigan, who was also present. Since neither party requested the filing of post-hearing briefs, the Court took this matter under advisement on April 17, 2008.

### 1. Motion in Limine to Exclude Evidence of Prior Convictions [Doc. 12]

In this motion, Defendant Jarnigan requests the Court to preclude the admission of his prior felony convictions at trial. Defendant contends since he has agreed to enter into an Old Chief

---

[1]The parties originally appeared before the Court on April 7, 2008 for an evidentiary hearing on the pending motions. However, at the Defendant's request, the Court continued the April 7th hearing to April 16, 2008 so that defense counsel could interview a recently identified witness.

stipulation with the government and admit his status as a convicted felon, any evidence of his prior felony convictions should be excluded under Fed.R.Evid. 609(a)(1) and Fed.R.Evid. 403. See Old Chief v. United States, 519 U.S. 172 (1997). The government requests this Court reserve ruling on this motion for the District Court on the grounds that only in the context of trial testimony can the court conduct the requisite balancing test of whether the probative value of admitting the evidence outweighs its prejudicial effect.

It is well settled that pursuant to the Supreme Court's decision in Old Chief, a defendant has the right to admit or stipulate to the fact of a prior felony conviction for purposes of proof of felon status. 519 U.S. at 185-91 (holding that Fed.R.Evid. 403 prohibits the government from introducing the "name or nature" of a prior felony conviction in a § 922(g)(1) case when such information would tend to "lure a juror into a sequence of bad character reasoning" regarding a defendant who had stipulated to his felon status). The government cannot thereafter offer evidence of guilt or the circumstances surrounding that prior conviction. Id. This is an evidentiary matter, as the Court in Old Chief, explained. Id. Evidence of the circumstances of the prior conviction and even "evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." Id. at 185. The risk outweighs the right of the government, as a general matter, to prove its case as it chooses. As Old Chief discerned, the "recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story has, however, virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independent of the concrete events of later criminal behavior charged at him." Id. at 190. Thus, in this case, since Defendant Jarnigan is willing to stipulate his status as a convicted felon, the government is required to accept the stipulation.

The government contends Defendant Jarnigan has the following felony convictions: robbery and possession of a handgun by a convicted felon in the Criminal/Circuit Court of Knox County on November 12, 2002 and multiple violations of the Georgia Controlled Substances Act in the Superior Court of Dekalb County, Georgia on July 31, 1992 [Doc. 19]. The government further contends Defendant has been provided with copies of these judgments.

As a threshold matter, Defendant contends that under Old Chief, he only needs to agree to stipulate to one of his felony convictions. The Court finds, under 18 U.S.C. § 922(g)(1), the government is only required to prove the existence of a prior felony conviction. The Court further finds the government is precluded from disclosing to the jury the exact number or nature of Defendant's previous felony convictions. See Old Chief, 519 U.S. at 190-92 (requiring the government to enter into a general stipulation concerning a defendant's criminal history to avoid undue prejudice from unnecessarily presenting evidence of the specific number and nature of felony convictions) ("The most the jury needs to know is that the conviction admitted by the defendant falls within the class of crimes that Congress thought should bar a convict from possessing a gun"); see also Myers v. United States, 198 F.3d 615, 618 (6th Cir. 1999) ("[b]ecause the stipulation demanded by the government in this case included the name and nature of the predicate offenses, it did not cure the evil that Old Chief seeks to avoid."). Accordingly, if Defendant Jarnigan enters into an Old Chief stipulation, he is agreeing to the jury being told at trial he is a convicted felon and the government need not offer proof as to that element of the offense. The name nor number of his previous convictions is not to be revealed by his stipulation.

Fed.R.Evid. 609(a)(1) states that, for the purpose of attacking credibility, "evidence that an accused has been convicted of [a felony] shall be admitted if the court determines that the probative

3

value of admitting this evidence outweighs its prejudicial effect to the accused." Fed.R.Evid. 609(a)(1).

While introducing a prior conviction to impeach a defendant under Rule 609(a)(1) is clearly distinguishable from introducing a prior conviction to establish a defendant's legal status, making a finding under Rule 609(a) is inextricably intertwined with Fed.R.Evid. 403, which was in fact the "principle issue" in Old Chief: "[t]he principle issue is the scope of the trial judge's discretion under Rule 403, which authorizes exclusion of relevant evidence when its 'probative value is substantially outweighed by the danger of unfair prejudice.'" 519 U.S. at 180 (quoting Fed.R.Evid. 403). The Court in Old Chief explained that district courts should consider the availability of alternative means of proof when considering whether to exclude on the grounds of unfair prejudice. Id. at 192 n. 10. In addressing the specific problem raised by § 922(g)(1) and its prior conviction element, the Court stated that "there can be no question that evidence of the name and nature of the prior offense generally carries a risk or unfair prejudice to the defendant ... [and] will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning." Id. at 185.

In this case, the Court finds, in the event Defendant Jarnigan decides to testify, the government may ask about his prior felony convictions to the extent of establishing through testimony that he is a convicted felon. However, the government is precluded from asking Defendant any more detail, such as the name and nature of his prior convictions, for purposes of impeaching his credibility. The Court finds the government should not be allowed, under the pretense of Rule 609, to circumvent Old Chief and Rule 403 and elicit details of previous felonies to try to portray the Defendant as a bad person. To permit such questioning creates the potential

4

for a juror to be lured into a sequence of "bad character reasoning."[2]

As a final consideration, the Court notes Defendant contends any evidence related to his 1992 conviction must be excluded since "the 1992 conviction is over 10 years old" [Doc. 12 at 1]. In response to that assertion, the Court points Defendant to the language of Fed.R.Evid. 609(b), which states "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction *or of the release of the witness from the confinement imposed for that conviction, whichever is the later date*" (emphasis added). In this case, the Court has not been informed if Defendant served any jail time as a result of his 1992 conviction, and if so, when he was released from jail. Accordingly, the Court cannot determine whether evidence of the 1992 felony conviction should be categorically excluded at this time.[3] Therefore, this Court finds evidence of Defendant's 1992 conviction falls within the analysis as outlined above.

For the reasons stated, Defendant Jarnigan's Motion in Limine to Preclude Admissibility of Prior Convictions **[Doc. 12]** is **GRANTED IN PART, DENIED IN PART** as described herein.

---

[2]Fed.R.Evid. 404(b) is applicable in situations where there is "a justification for receiving evidence of the nature of prior acts on some issue other than status (*i.e.*, to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.')" Old Chief, 519 U.S. at 190 (quoting Fed.R.Evid. 404(b)). No issue is before this Court as to the admissibility of Defendant's prior convictions for a proper purpose under Rule 404(b). Accordingly, it is not necessary for me to decide whether the name and nature of the prior convictions would be admissible under Rule 404(b), and thus this ruling does not cover that possibility.

[3]The Court also acknowledges that under Rule 609(b), evidence of a prior conviction which is over ten years old may still be admitted if the Court determines, "in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweigh its prejudicial effect." However, the Court declines to engage in the balancing test at this time without being fully informed of the details of the 1992 conviction.

## 2. Motion for Pretrial Notice of Any Rule 404(b) Evidence

This motion [Doc. 13] requests the government provide Defendant, in writing, notice of any and all Fed.R.Evid. 404(b) material it intends to use as evidence during its case-in-chief at trial. In response, the government argues the substance of Defendant's motion is addressed by the Court's Order on Discovery and Scheduling, which the government will comply with at the appropriate time, seven calendar days before trial [Doc. 5]. The government further advised the Court as of the time of the evidentiary hearing, it was unsure if there is any 404(b) type evidence as to Defendant, but reassured the Court if there is such evidence, it will be provided in compliance with the Order on Discovery and Scheduling.

Rule 404(b) provides that upon Defendant's request, the government, "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b). This Court's Order on Discovery and Scheduling at paragraph I states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise.

Accordingly, Defendant Jarnigan's Motion for Pretrial Notice of Government's Intent to Use Rule 404(b) Evidence **[Doc. 13]** is **DENIED**. The government shall comply with the time line outlined in the Order on Discovery and Scheduling.

For the foregoing reasons as outlined above, it is **ORDERED**:

> (1) Defendant's Motion in Limine to Preclude Admissibility of Prior Convictions **[Doc. 12]** is **GRANTED IN PART, DENIED IN PART**, as described above; and
>
> (2) Defendant's Motion to Pretrial Notice of Government's Intent to use Rule 404(b) Evidence **[Doc. 13]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge