UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARCUS D. JARNIGAN, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | ) Nos.: 3:08-CR-007-TAV-CCS-1 |
| | )        3:12-CV-092-TAV |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Respondent*. | ) |

### MEMORANDUM AND ORDER

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Marcus D. Jarnigan ("petitioner"). The government has filed its response to the motion, and petitioner has filed his reply. Petitioner has also filed five motions to supplement his § 2255 motion, as well as a petition to expand the record pursuant to Rule 7 of the Rules Governing Section 2255 Cases in the United States District Courts. For the reasons stated below, the § 2255 motion [Doc. 105] will be **DENIED**, the motions to supplement [Doc. 112, 113, 111, 115, and 116] will be **DENIED**, the motion to expand the record [Doc. 117] will be **DENIED as moot**, and this action will be **DISMISSED**.

I.      **Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail

under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine whether an evidentiary hearing is required after a review of the answer and the records of the case. If the motion to vacate, the answer, and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

On December 31, 2007, officers from the Knoxville Police Department responded to a 911 call regarding vandalism and found petitioner in possession of a loaded 9 mm semi-automatic pistol and ammunition [Doc. 87 p. 19–22]. Petitioner was subsequently charged with one count of felon in possession of a firearm and one count of felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1) [Doc. 1[1]]. Petitioner filed a motion to suppress all evidence obtained after he was stopped by police, which the magistrate judge denied after multiple hearings [Docs. 15, 21, 31, 41, 49]. After trial had commenced, petitioner entered an unconditional plea of guilty as to both counts of the indictment [Docs. 79, 87].

---

[1] All citations to the record refer to the docket sheet in Criminal Action No. 3:08-CR-007.

Petitioner had eleven criminal history points, which placed him in criminal history category V [Presentence Investigation Report p. 11]. Due to petitioner's prior simple robbery conviction and two felony drug convictions, he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), and his offense level was 33 [*Id.* at 5–6]. The Court applied a two-point adjustment for petitioner's acceptance of responsibility, which resulted in a total offense level of 31 [Doc. 99 p. 33–35]. With a total offense level of 31 and a criminal history category of V, petitioner's advisory guideline sentence range was 168 to 210 months' imprisonment [*Id.* at 39]. Petitioner's restricted guideline range, however, was 180 to 210 months' imprisonment [*Id.*]. After carefully considering the 18 U.S.C. § 3553(a) factors, the Court sentenced petitioner to 198 months' imprisonment as to each count of the indictment, to be served concurrently [Doc. 97; Doc. 99 p. 58–67].

On August 21, 2009, petitioner filed an appeal of the judgment against him to the Sixth Circuit Court of Appeals, asserting that his sentence was procedurally and substantively unreasonable [Doc. 100 p. 3]. On February 11, 2011, the Sixth Circuit affirmed the imposition of petitioner's sentence [*Id.* at 7]. In affirming, the Sixth Circuit specifically held that that petitioner's prior felony drug offenses were properly considered predicate offenses under the ACCA even though they occurred while he was a minor [*Id.* at 5–6]. The Sixth Circuit further found that petitioner had waived both his argument that his two drug offenses were part of the same course of conduct that should be counted as

3

one conviction and his argument that an offense level of 20 was more appropriate based on the underlying crime [*Id.* at 6–7].

On February 21, 2012, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 105]. In his § 2255 motion, petitioner alleges that: (1) counsel was ineffective for failing to present the issue of the lack of a removal order; (2) the underlying criminal proceeding in this Court violated the Tenth Amendment; (3) Congress never properly enacted Public Law 80-772, which makes 18 U.S.C. § 3231 invalid and this Court therefore had no jurisdiction over the underlying criminal proceeding; (4) counsel was ineffective for failing to investigate whether petitioner's prior felony drug offenses qualified as a crime of violence that could be considered for enhancement of petitioner's sentence; and (5) the reopening of the suppression hearing violated his Fifth and Sixth Amendment rights [*Id.*].

In petitioner's memorandum in support of his § 2255 motion, petitioner alleges various additional arguments relating to ineffective assistance of counsel.[2] Petitioner specifically asserts that counsel was ineffective for not making the following arguments: (1) that there was improper collusion between the federal and state governments in violation of the dual sovereignty doctrine; (2) that the government violated the Petite policy; (3) that the indictment and plea colloquy are insufficient for failing to state that the petitioner faced an enhanced sentence due to his prior felony convictions; (4) that his

---

[2] While petitioner occasionally uses language which appears to assert these arguments on the merits, he specifically categorizes them as falling within the ineffective assistance of counsel claims set forth in his motion [Doc. 6]. Accordingly, the Court will address them as such.

4

prior felony drug convictions qualify as separate occurrences and/or do not qualify as crimes of violence under the ACCA; (5) that his prior felony convictions had to have been proven beyond a reasonable doubt under the ACCA; and (6) that the Court failed to follow the "categorical" sentencing approach [Doc. 106].

In proposed supplements to his § 2255 motion, all of which were filed on or after March 22, 2013, petitioner repeats his argument his prior felony drug convictions were not offenses that arose out of separate criminal episodes and they were therefore improperly used to enhance his sentence [Doc. 112]. Petitioner also sets forth the following additional sentencing arguments: (1) the presentence report incorrectly calculated his base offense level; (2) his sentence is substantively unreasonable for using his juvenile adjudication to enhance his sentence; (3) his sentence exceeds the ten-year statutory maximum authorized by § 924(a); and (4) *Descamps v. United States*, 133 S. Ct. 2276 (2013), retroactively applies to his request for § 2255 relief and supports the assertion that petitioner's simple robbery conviction cannot be used to enhance his sentence [Docs. 112, 113, 114, 115, 116].

### III. Discussion

#### A. Timeliness

A federal prisoner has one year in which to file a § 2255 motion, and this includes any amendments to the motion. 28 U.S.C. § 2255(f); *see also Mayle v. Felix*, 545 U.S. 644, 664 (2005) (§ 2254 petition), and *Oleson v. United States*, 27 F. App'x 566, 570–71 (6th Cir. 2001) (§ 2255 motion). The "one-year time limitation generally runs from the

5

'date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 532 (2003) (quoting 28 U.S.C. § 2255).

Petitioner's judgment of conviction became final on May 12, 2011, as that was the last day on which petitioner could have filed a petition for writ of certiorari with the United States Supreme Court. *Id.* Accordingly, any amendments to petitioner's § 2255 motion would have to have been filed by May 12, 2012, or they would have to relate back to the original pleading. *Mayle*, 545 U.S. at 664. An amendment of a habeas petition does not relate back, and therefore does not escape the one-year statute of limitations, if "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Petitioner's timely § 2255 motion and memorandum set forth factual issues regarding jurisdiction, allegations of ineffective assistance of counsel, and the reopening of the suppression hearing. The only sentencing argument in petitioner's timely motion and memorandum is that his counsel was ineffective for not arguing that his two prior drug convictions occurred in the same episode and are not crimes of violence for purposes of the ACCA [Doc. 106 p. 14–16].

With the exception of the argument that his predicate drug offenses should have been considered one occurrence, all of the arguments in petitioner's motions to supplement are new sentencing arguments that are completely factually unrelated to any arguments set forth in petitioner's timely motion and memorandum. As such, petitioner's supplemental motions for § 2255 relief based on these new sentencing grounds do not

6

relate back to the original pleading, are time-barred, and will not be considered by the Court. Petitioner's original claims for § 2255 relief, however, will be decided on the merits.

B. **Validity of 18 U.S.C. § 3231**

Petitioner argues that 18 U.S.C. § 3231 is invalid and this Court therefore lacked subject matter jurisdiction over the underlying criminal proceeding against him. Section 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Petitioner's indictment charged him with two counts of violating the United States Code, specifically 18 U.S.C. § 922(g)(1) [Doc. 1].

Petitioner's argument that § 3231 is invalid is based upon the assertion that the enactment of Public Law 80-772 was improper due to a *sine die* recess between the votes of the House of Representatives and the Senate on passage of Public Law 80-772 and the lack of a quorum at the vote by the House of Representatives. These arguments are factually inaccurate. A number of courts have considered the argument set forth by petitioner, and all have found it to be without merit. *See, e.g., United States v. Penwell*, 455 Fed. App'x 181, 183–84 (3d Cir. 2011) (stating that "the House voted on the bill, there was an inter-session adjournment, and then the Senate voted on it"); *see also United States v. Hornback*, No. 3:13-7296-DCR, 2014 WL 2768872, at *8 (E.D. Ky. June 18, 2014) (citing multiple cases rejecting claims that a quorum was not present). In *Hornback*, the court specifically noted that each court that has analyzed this argument has

7

deemed it "frivolous and meritless" and found that even if the argument was correct, the "enrolled bill" would preclude the relief sought and the predecessor to § 3231 would provide jurisdiction over the matter. *Id.* As § 3231 is valid, Petitioner's assertion that the Court lacked subject matter jurisdiction over the underlying criminal proceeding is without merit.

### C. Tenth Amendment

Petitioner additionally relies upon *Bond v. United States*, 131 S. Ct. 2355 (2011), to argue that 18 U.S.C. § 922(g) is invalid. The Sixth Circuit has expressly held, however, that the enactment of § 922(g) was a valid exercise of its authority under the Commerce Clause of Article I, Section 8 of the Constitution. *Holmes v. United States*, 281 Fed. App'x 475, 482 (6th Cir. 2008) (stating that "the decided law in this circuit is that § 922(g) is a valid exercise of congressional authority under the Commerce Clause"). Accordingly, petitioner is not entitled to relief on this ground.

### D. Ineffective Assistance of Counsel

Petitioner also alleges that he received ineffective assistance of counsel due to his assertion that counsel should have made a number of additional legal arguments. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668,

8

687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

9

The second prong of the *Strickland* test requires a claimant to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. In the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to satisfy the prejudice requirement. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court emphasized that a claimant must establish both prongs in order to meet his burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland*, 466 U.S. at 697.

As set forth below, none of the legal arguments petitioner asserts that counsel should have made have merit. Moreover, the sentencing argument petitioner's counsel did assert (and which petitioner appears to allege his counsel was ineffective for not making) was only overruled after careful consideration by the Court. Accordingly,

10

petitioner cannot establish that counsel was unreasonable for not making the legal arguments he sets forth, or that he suffered any injury due to the fact that counsel did not make those legal arguments. Petitioner cannot, therefore, demonstrate that he did not have reasonably effective assistance of counsel, and petitioner is not entitled to § 2255 relief on this ground.

### 1. Removal Order

Petitioner first asserts that counsel was ineffective for failing to argue that no removal order was filed in the underlying criminal proceeding and that, therefore, this Court did not have jurisdiction [Doc. 105 p.4; Doc. 106 p. 8]. As set forth *supra*, however, petitioner's indictment charged him with two counts of violating the United States Code, specifically 18 U.S.C. § 922(g)(1) [Doc. 1]. This Court has jurisdiction over all matters arising under the laws of the United States under 18 U.S.C. § 3231. Accordingly, no removal order was necessary to provide this Court with jurisdiction. The statutes petitioner cites regarding removal apply to civil, not criminal, matters and are therefore inapplicable to his to his criminal prosecution. *See* 28 U.S.C. § 1446 (titled "Procedure for removal of civil actions").

### 2. Dual Sovereignty

Petitioner further argues that counsel was ineffective for not asserting that his prosecution in federal court after the dismissal of the state charges violated the doctrine of dual sovereignty [Doc. 106 p. 9]. Petitioner specifically alleges the federal government had to conduct an independent investigation that proved he "violated a

11

federal official" and/or the sovereignty of land in Washington, D.C., prior to prosecuting him in federal court [*Id.*].

The doctrine of dual sovereignty provides that when a defendant breaks the law of two sovereigns, he has committed two distinct offenses. *Heath v. Ala.*, 474 U.S. 82, 88 (1985). States are separate sovereigns from the federal government, as states derive their power to prosecute from their "inherent sovereignty." *Id.* at 89. Accordingly, "an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each." *Id.* (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)).

Cooperation between sovereigns in investigating crimes has been sanctioned by the federal courts. *United States v. Clark*, 254 Fed. App'x 528, 533 (6th Cir. 2007) (noting that the Supreme Court has sanctioned investigatory cooperation between federal and state authorities). The Sixth Circuit has specifically found that cooperative investigation between federal and state authorities is "an admirable use of resources that the courts have found not to be problematic." *United States v. Mardis*, 600 F.3d 693 (6th Cir. 2010).

Accordingly, contrary to petitioner's arguments, the doctrine of dual sovereignty supports finding that both federal and state governments have the power to punish individuals who commit offenses against both state and federal laws and no independent federal investigation is required prior to a federal prosecution.

12

### 3. Petite Policy

Petitioner further alleges that counsel was ineffective for not arguing that the government violated the Petite policy. Specifically, petitioner states that, under this policy, the federal government is able to bring a "successive prosecution" only where there is a compelling reason to do so and the prosecuting attorney obtains prior approval from the Assistant Attorney General [Doc. 106 p. 9]. Petitioner alleges that his federal prosecution violated this policy. The federal government's policy of not prosecuting a behavior that "was an ingredient of a previous state prosecution," however, "is not constitutionally mandated and confers no rights upon" a defendant. *United States v. Mardis*, 600 F.3d at 699 (quoting *United States v. Renfro*, 620 F.2d 569, 574 (6th Cir. 1980)). Accordingly, even if the Court assumes the Petite policy was violated in this case,[3] such a finding would not entitle petitioner to any relief.

### 4. **Serious Drug Offenses**

Petitioner also asserts that counsel was ineffective for not arguing that his prior felony drug convictions do not qualify as serious drug offenses. In support thereof, petitioner cites the fact that he was apparently sentenced to 90–120 days in boot camp for those offenses [Doc. 106 p. 15]. The determination of whether an offense is a "serious

---

[3] Petitioner has not set forth any evidence that he was prosecuted in state court for the acts underlying his federal prosecution, but rather alleges that the state court charges were dismissed. It is therefore unclear whether the Petite policy would have applied to the federal government's determination of whether to bring charges. *See United States v. Renfro*, 620 F.2d 569, 574 (quoting a Deputy Attorney General's statement that "[t]he Petite policy . . . is not usually applied when the state prosecution has ended without a determination of the defendant's guilt or innocence as, for example, where the case is dismissed . . . .").

13

drug offense" within the definition of 18 U.S.C. § 924(e)(2) based on its sentence, however, requires the court to look at the potential sentence for the offense, not the sentence the offender actually received. *See* 18 U.S.C. § 924(e)(2) (defining a "serious drug offense," in relevant part, as an "offense under state law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law"). Accordingly, the actual sentence petitioner received for his prior felony drug convictions is irrelevant. Rather, the fact that those offenses were punishable by more than ten years in prison is what qualifies them as "serious drug offenses" under the relevant part of § 924(e)(2) [Doc. 99 p. 30–31; Doc. 100 p. 5].

       **5.**       **Crimes of Violence**

Petitioner additionally argues that counsel was ineffective for not investigating whether his prior felony drug convictions qualify as crimes of violence under 18 U.S.C. § 924(e)(1) [Doc. 105 p. 8]. The relevant language of § 924(e)(1), however, mandates imprisonment for not less than fifteen years for any person who has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both . . . ." Accordingly, as petitioner's prior felony drug convictions were serious drug offenses as defined by this section, they did not have to be crimes of violence in order to mandate imposition of the minimum fifteen year sentence.

       **6.**       **Same Course of Conduct**

Petitioner also asserts that counsel was ineffective for failing to argue that his felony drug connections were part of the same course of conduct and therefore one

14

conviction for purposes of the ACCA [Doc. 106 p. 15]. The record establishes, however, that counsel for petitioner repeatedly raised this argument, and the Court carefully considered the issue before ultimately deciding against it [Doc. 87, 99]. As such, the record establishes that petitioner received effective assistance with this claim.

### 7. Indictment and Plea Colloquy

Petitioner further asserts that counsel was ineffective for not arguing that the indictment and plea colloquy were insufficient for failing to show that the petitioner faced an enhanced sentence due to his prior felony convictions and that his prior felony convictions should have been listed in the indictment and proved beyond a reasonable doubt [Doc. 106 p. 14, 16].

A prior conviction used to enhance a defendant's sentence is not required to be charged in the indictment or proved beyond a reasonable doubt. *See generally Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Accordingly, petitioner's indictment was sufficient. Moreover, the transcript of petitioner's plea colloquy establishes that petitioner affirmed his two prior felony drug convictions and his conviction for simple robbery and acknowledged that these convictions could result in a minimum term of imprisonment of fifteen years for each count in response to inquiry by the Court [Doc. 87 p. 20–27]. As such, petitioner's argument that his plea colloquy was insufficient for omitting this information is inaccurate.

15

### 8. Sentencing Approach

Petitioner also argues that the Court did not follow the "categorical" approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990) [Doc. 106 p. 10]. This approach provides that, in determining whether a previous conviction qualifies as a predicate offense for enhancing the sentence of a person convicted under § 922(g) pursuant to § 924(e), the court must look only to the fact of conviction and the statutory definition of the offense, without considering the underlying facts of the conviction. *Taylor*, 495 U.S. at 602.

The transcript of the sentencing hearing in this case establishes that the Court reviewed the statutory definitions and the fact of petitioner's prior felony convictions for drugs and simple robbery [Doc. 99 p. 28–38; 58–70]. Nothing indicates that the Court considered the particular facts underlying any of the predicate convictions except as necessary to address whether they qualified as predicate offenses under 18 U.S.C. § 924(e), and in consideration of the 18 U.S.C. § 3553 factors [*Id.*]. Accordingly, the transcript establishes that the Court followed the categorical approach.

### E. Suppression Hearing

On March 24, 2008, petitioner filed a motion to suppress evidence [Doc. 15]. The original suppression hearing on April 7, 2008, was continued to April 16, 2008, at the request of petitioner's counsel [Doc. 21]. Upon motion of the United States and over petitioner's objection, the suppression hearing held on April 16, 2008, was reopened on May 15, 2008, to allow the United States to present additional witnesses [Doc. 23, 28, 30,

16

31]. Petitioner now asserts that the reopening of the suppression hearing violated his rights under the Fifth and Sixth Amendments to the U.S. Constitution, specifically stating that the magistrate judge ruled in the first suppression hearing that there was no "material exculpatory [sic] evidence to fin[d] him guilty" of the charges in the indictment [Doc. 105 p. 14].

This argument is moot based upon petitioner's subsequent decision to plead guilty. *United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) (holding that a "voluntary and unconditional guilty plea 'waives any non-jurisdictional attack on the conviction'") (quoting *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991)). Moreover, the Court notes that the decision to reopen the suppression hearing was within the discretion of the magistrate judge, who made the determination to reopen the hearing only after he carefully examined the relevant legal standard set forth in *United States v. Blankenship*, 775 F.2d 735 (6th Cir. 1985), and applied it to petitioner's case [Doc. 30]. This Court agrees with the reasoning behind the magistrate judge's determination.[4]

## IV. Conclusion

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence [Doc. 105] will be **DENIED**. Petitioner's motions to supplement his § 2255 motion [Doc. 112, 113, 114, 115, 116] will be **DENIED**. Petitioner's motion to expand the record [Doc. 117] will be **DENIED as**

---

[4] Additionally, the Court notes that it has examined the minute entry from the first suppression hearing on April 7, 2008, as well as the transcript of the suppression hearing on April 16, 2008 [Doc. 31], and has found nothing to support petitioner's assertion that the magistrate judge made any substantive ruling on the evidence at either of these hearings.

17

**moot**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

    **E N T E R :**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE